Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | No. C-11-01739 PSG |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |
| v. | |
| DOES 1-21, | |
| Defendants. | (Proposed Order Modified by the Court) |

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

The Court has reviewed the Complaint with attached Exhibit A, Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery and all the papers filed in connection with the application, as well as the relevant case law. Accordingly, it is hereby

ORDERED that Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery is GRANTED; it is further

ORDERED that Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories of entities and information:

> From each and every Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint, as well as any other entity later identified, as a provider of Internet services to one of the Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: all

information sufficient to identify each Defendant based on supplied IP addresses, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address; it is further

ORDERED any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED that Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers; it is further

ORDERED that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity; it is further

ORDERED that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to the necessary entities; the subpoenaed entities will, in turn, serve a copy of this Order and a copy of the subpoena upon its relevant subscribers within 5 days of receiving the subpoena. If any subscriber wishes to file an objection or a motion to quash the subpoena, it must do so within 15 days from the date of service upon them. If that 15-day period elapses without any subscriber filing an objection or a motion to quash, the subpoenaed entitites shall have 10 days after said lapse to produce the subscriber's information pursuant to the subpoena.The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or objection by a subscriber or by the subpoenaed entity.

DATED: April 12, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge