1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILLENNIUM TGS, INC.         ) <br><br> Plaintiff,    ) <br> v.             ) <br><br> DOES 1-21,         ) <br><br> Defendants.    ) <br> _____) | Case No.: C 11-01739 PSG <br><br> **ORDER DENYING AS MOOT MOTION TO QUASH, DENYING AS MOOT MOTION TO DISMISS, AND SEVERING AND DISMISSING DEFENDANTS DOES 4-21** <br><br> **(Re: Docket No. 11)** |

Pending before the court is Defendant Doe 1's ("Doe 1") Motion to Quash Subpoena Compelling Disclosure, Dismiss for Improper Venue, and Dismiss for Lack of Personal Jurisdiction.  On July 12, 2011, the court heard oral argument on Doe 1's motion. On August 10, 2011, however, Plaintiff Millenium TGA Inc. ("Millenium") filed a notice of voluntary dismissal with prejudice as to Does 1-2. Accordingly, the court DENIES Doe 1's motion to quash and motion to dismiss as MOOT.[1]

In light of its recent decisions in several nearly identical cases, the court nevertheless finds it appropriate to address the propriety of expedited discovery as to the remaining Defendants, Does

---

[1] *See* Millennium's Notice of Voluntary Dismissal with Prejudice as to Certain Anonymous Doe Defendants (Docket No. 23) (hereafter "Millenium's Notice of Voluntary Dismissal"). At the risk of stating the obvious, the court further notes that Millenium's dismissal of Doe 2 also renders moot any discovery regarding Doe 2.

3-21. Originally filed against twenty-one anonymous Doe Defendants on April 8, 2011, the Millennium complaint alleged that, through the use of the BitTorrent protocol, Defendants had infringed on one of its copyrighted works and perpetrated civil conspiracy. Millenium filed an *ex parte* application seeking leave to conduct early discovery, which was granted.[2] Millenium's dismissal with prejudice as to Does 1-2 does not alter its claims against Does 3-21. In fact, Millenium expressly states that it "maintains claims against the anonymous Doe Defendants remaining…, and reserves the right to name such individuals and/or serve them when provided with their identifying information."[3]

Recently, in *Boy Racer v. John Does 2-52*,[4] the court granted leave to take expedited discovery, but only as to Doe 2. As to Does 3 through 52, the court recommended severance of Does 3 through 52. The court further recommended that the claims against Does 3 through 52 be dismissed without prejudice and, if refiled within 20 days, deemed a continuation of the original action for purposes of the statute of limitations.

The court sees no reason to treat Millennium's case any differently, with one exception. Whereas in *Boy Racer* the court recommended the severance of claims and dismissal without prejudice, in light of Millenium's consent to the undersigned jurisdiction, the undersigned has the authority simply to order the dismissal.[5]  Although the court previously granted leave to take discovery without addressing the issue of misjoinder, in accordance with the reasoning in *Boy*

---

[2] *See* Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference (Docket No. 8).

[3] Millenium's Notice of Voluntary Dismissal at 2:1-3.

[4] *See Boy Racer v. Does 2-52*, No. 5:11-cv-02834-PSG, Order Granting-in-Part Plaintiff Boy Racer's *Ex Parte* Application for Leave to Take Limited Discovery Prior to Rule 26(F) Conference (Docket No. 3).

[5] *See Neals v. Norwood*, 59 F. 3d 530, 532 (5th Cir. 1995) (noting that only plaintiff's consent was necessary to vest jurisdiction to enter judgment in magistrate judge where defendants had not yet been served and therefore were not parties to the action at the time judgment was entered); *Ornelas v. De Frantz*, Case No. 00-1067, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals*); *cf. Williams v. Ahlin*, Case No. 1:11-cv-00049-SKO-HC, 2011 WL 1549306, at *7 (E.D. Cal. Apr. 2, 2011) (same).

Case No.: 11-01739 PSG
ORDER

*Racer*, the court now finds that joinder is improper.  Accordingly, the court will continue to allow

Millenium to pursue expedited discovery only as to Doe 3. The court will order the remaining

Defendants, Does 4-21, to be severed from this action, and the claims against them dismissed

without prejudice. Accordingly,

IT IS HEREBY ORDERED that Millenium may pursue expedited discovery only as to Doe

3's ISP listed in Exhibit A to the Complaint, as set forth in this court's April 12, 2011 order.

IT IS FURTHER ORDERED that Does 4 through 21 are severed from this action. The

claims against Does 4 through 21 are dismissed without prejudice and, if refiled within 20 days,

deemed a continuation of the original action for purposes of the statute of limitations.

Dated: August 12, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

3

Case No.: 11-01739 PSG
ORDER