Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC.,                )<br>                                                         )<br>            Plaintiff,                          )<br>       v.                                          )<br>                                                         )<br> DOES 1-21,                                  )<br>                                                         )<br>            Defendants.                     )<br>                                                         ) | **No. C-11-01739 PSG**<br><br>**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff Millennium TGA, Inc., by and through its counsel, hereby submits Plaintiff's Case Management Conference Statement pursuant to the Court's Order Setting Initial Case Management Conference (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

//

---

[1] Plaintiff conferred with Counsel for the anonymous Movant who previously filed the Motion to Quash Subpoena Compelling Disclosure, Dismiss for Improper Venue, and Dismiss for Lack of Personal Jurisdiction. (ECF No. 11-1.) Movant's Counsel was unable to review any proposed submissions, apparently due to Internet problems at their firm. According to an individual at the firm, their entire system was down with no Internet access beginning Monday August 15, 2011, and continues to be inoperable. Plaintiff would not categorize Movant's Counsel's behavior as "uncooperative" under 16-9(a). It is apparent that technology problems at Movant's Counsel's law firm prevented them from looking over and agreeing to the Joint Case Management Conference Statement that Plaintiff's Counsel presented to them via email. Plaintiff's Counsel understands from a discussion with an indiviudal at that firm that Movant's Counsel will submit its own separate Case Management Conference Statement if and when the firm regains access to its network and the Internet. Plaintiff's Counsel does not concede the propriety of an anonymous individual (who may or may not ultimately be named as a defendant in this case) submitting a Joint Case Management Conference Statement to the Court.

**1. <u>Jurisdiction and Service</u>:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2) this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. Neither Doe Defendant nor Movant have made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, the Doe Defendant either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address of Doe Defendant to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

At this time, the unidentified Doe Defendant remaining in this case—after the Court's Order Denying as Moot Motion to Quash, Denying as Moot Motion to Dismiss, and Severing and Dismissing Defendants Does 4–21 (ECF No. 24, Aug. 12, 2011)—has not been served for the simple reason that he has yet to be identified. Once the Court denies Movant's Motion to Quash on the merits, Plaintiff will be able to identify the remaining Doe Defendant[2] via the subpoena pending with

---

[2] After the Court issued its Order Denying as Moot Motion to Quash, Denying as Moot Motion to Dismiss, and Severing and Dismissing Defendants Does 4-21, there was only one Doe Defendant remaining in this case. While Movant is not a Doe Defendant at this point and time, he/she is, according to his/her filings, to be the subscriber linked to the Internet Prototocl address remaining in this this case. While obviolusy related to the same Internet Protocol address, Plaintiff does not have absolute proof at this stage whether Doe Defendant (i.e. the indiviudal who actually commited copyright infringement) and Movant (i.e. the subscriber who was issued the IP address) are the same indiviudal. Once Plaintiff has Movant's identifying information through his/her ISP Charter (i.e. the information relting to the subscriber who, at this point, can only be identified through his/her Internet Protocol address), then Movant will seek limited further discovery to ascertain who exactly used the IP address, if not Movant, to infringe on Plaintiff's copyrighted work in this case. Once the identity of that individual is ascertained, Plaintiff will replace "Doe Defendant" with that individual's actual name, serve him/her, and proceed with its case. At this point, he/she still, however, remains unidentified. It takes the foregoing steps to complete this process.

his/her Internet Service Provider ("ISP") – Charter – and a subsequent motion for an inspection of the subscriber's computer/premises. Once provided with that identifying information and evidence as to who the Doe Defendant should in fact be in this case, Plaintiff will then be in a position to identify Doe Defendant, and serve him/her. Any proposed deadline on naming this individual would be entirely up to the Court – the Court will be the one ultimately granting or denying Plaintiff the ability to identify the remaining Doe Defendant when issuing an order on Movant's Motion to Quash.

**2. Facts:**

Plaintiff is an organization that holds the distribution copyrights to certain adult entertainment content. Doe Defendant is an alleged copyright infringer. Movant is a non-party who is proceeding in this case through counsel as an anonymous individual.

Doe Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which Doe Defendant conducted him/herself online, Plaintiff is unaware of Doe Defendant's actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified Doe Defendant by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of Doe Defendant's infringing activity. Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that Doe Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was copyrighted by Plaintiff. A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on each Doe Defendant was accurate.

Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified individual using the identified Internet Protocol ("IP") address (as specified on Exhibit A of Plaintiff's Complaint), which was assigned to Movant by his/her ISP, unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (ECF No. 1 at 13.) The only remaining questions are: (1) who is the subscriber (i.e. Movant) linked to said IP address; and (2) was it said individual subscriber (i.e. Movant) who downloaded Plaintiff's copyrighted work through subscriber's IP address, or another individual in his/her household, office, etc., using his/her online network.

**3. Legal Issues:**

At this point, there is no legal issue. Plaintiff states a *prima facie* case for copyright infringement.

**4. Motions:**

On April 11, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 5.) On April 12, 2011, that Application was granted. (ECF No. 8.)

On May 27, 2011, Movant filed Defendant John Doe 1's Motion to Quash Subpoena Compelling Disclosure, Dismiss for Improper Venue, and Dismiss for Lack of Personal Jurisdiction. (ECF No. 11.) On August 12, 2011, that Motion was denied by the Court in its Order Denying as Moot Motion to Quash, Denying as Moot Motion to Dismiss, and Severing and Dismissing Defendants Does 4-21.[3] (ECF No. 24, "Motion to Quash".)

On June 6, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Continue Initial Case Management Conference. (ECF No. 14.) On June 10, 2011, that motion was granted. (ECF No. 18.)

On August 14, 2011, Plaintiff filed its Motion for Administrative Relief for an Order Clarifying the Court's August 12, 2011 Order. (ECF No. 25.) That motion is still pending.

**5. Amendment of Pleadings:**

None.

///

///

---

[3] Though denied by the Court, this Motion should still be active. Plaintiff currently has a motion in front of the court requesting a clarifying order clearing up certain items.

**6. <u>Evidence Preservation</u>:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant's infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. MCG's processes are designed to ensure that information gathered about each Doe Defendant is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

When the Court granted Plaintiff the right to issue subpoenas to identify the Doe Defendants originally joined in this case, all ISPs were clearly instructed to preserve all available subscriber information relating to the IP addresses listed on Exhibit A to Plaintiff's Complaint (ECF No. 1 at 13; Order Granting Pl.'s Appl. for Leave to Take Disc. Prior to Rule 26(f) Conference 2:23–25, Apr. 12, 2011, ECF No. 8.) While most IP addresses are dynamic, and there are no uniform governmental rules for keeping subscriber information at this time, the Court's previous order ensured that all information then known to the ISP at the time the order was received would be preserved until notified otherwise.

In addition, once an individual like Movant is identified, he/she quickly receives a letter from Plaintiff's counsel notifying him/her that he must not dispose of, erase, alter, etc. anything on his/her computer, or elsewhere, relevant to this matter. Any activities contrary to these instructions would subject Movant to sanctions for spoliation.

**7. <u>Disclosures</u>:**

Parties are in the process of formulating and filing initial disclosures for the Initial Case Management Conference.

**8. <u>Discovery</u>:**

As noted above, on April 11, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 5.) On April 12, 2011, that Application was granted. (ECF No. 8.) This allowed Plaintiff to subpoena identifying information from all ISPs relating to all unidentified subscribers who were associated with the IP addresses listed on Exhibit A of the Complaint (ECF

No. 1 at 13.) In the Court's Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference (ECF No. 8), which was later modified (*see* ECF No. 10), the Court allowed the subscribers initially involved in this case "30 days to file any motions related to or challenging the subpoenas, including, but not limited to, motions to quash." (ECF No. 10.)

Through the Court's allowance, Movant filed his/her Motion to Quash on May 27, 2011. (ECF No. 11.) This Motion to Quash is currently pending before the Court for a ruling on the merits of the unidentified Movant's claims. In the meantime, Plaintiff believes that Doe Defendant's ISP, Charter, is currently withholding this information while it waits for the Court's resolution of the Motion. In other words, Plaintiff still has not received the remaining Movant's identifying information.

In the near future, once Movant's Motion to Quash is denied on the merits and his/her identifying information revealed, Plaintiff plans to request a limited inspection of Movant's electronically stored information and tangible things, such as Movant's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Charter and Plaintiff's attorneys.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendants infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant has injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint; (3)

That the Court issue injunctive relief against Doe Defendant, enjoinng and restrianing the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant to destroy all copies of those unlawfully copyrighted files in Doe Defendant's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Defendants for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

As previously referenced, neither Movant nor Doe Defendant have made counterclaims.

**12. Settlement and ADR:**

Considering the strength of Plaintiff's case, the prospects for settlement should be extremely high. However, before entertaining settlement, the Court needs to (1) make a definite statement that the Movant who brought the Motion to Quash on May 27, 2011 is attached to the only remaining IP address in this case, and (2) issue an order on the Motion to Quash on the merits. Without doing so, the prospects for settlement will be low.

Currently, an ADR Phone Conference has been scheduled by the Court for August 18, 2011 at 10:00 a.m. Plaintiff prays that the Court resolve these issues prior to this phone conference, otherwise the chances that this conference will be successful are slim to none.

**13. Consent to Magistrate Judge For All Purposes:**

Both Plaintiff and the Movant in this suit have consented to proceed in front of the Honorable Magistrate Judge Paul S. Grewal for all purposes.

**14. Other References:**

None that the parties can identify at this time.

//

//

**15. <u>Narrowing of Issues</u>:**

Plaintiff would be more than happy to narrow the issues in this case. However, as more fully explained above, before any more action on this case can be logged, Plaintiff feels that the Court must (1) make a definite statement that the Movant who brought the Motion to Quash on May 27, 2011 is attached to the only remaining IP address in this case, and (2) issue an order on the Motion to Quash on the merits. Without doing so, Doe Defendant's counsel does not seem willing to put any more effort into this case.

**16. <u>Expedited Schedule</u>:**

Plaintiff has no objection to this case being handled in an expedited manner. However, again, both parties will need the Court to act quickly in order for this to be accomplished.

**17. <u>Scheduling</u>:**

At this point, considering Movant's Motion to Quash should be still pending before the Court for the Court's resolution on the merits, neither party can guess as to what this schedule could be. The Motion to Quash was filed with the Court May 27, 2011, and still has not been resolved on the merits as of the filing of this Case Management Conference Statement. Plaintiff is willing to propose dates to the Court once the Court issues its order on the merits of the Motion to Quash.

**18. <u>Trial</u>:**

At this point, without knowing the extent of the witnesses and physical evidence that will be presented at trial, Plaintiff would only be making absolute guesses as to how long a trial would take. Should the Court require that guess, Plaintiff would estimate two full days.

**19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:**

Plaintiff has filed its Certification of Interested Entities or Persons. (Apr. 8, 2011, ECF No. 2.) Movant has not filed his/her Certification of Interested Entities or Persons.

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other

kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. Other Matters:**

Again, the only way to facilitate the just, speedy and inexpensive disposition of this matter, is for the Court to (1) make a definite statement that the Movant who brought the Motion to Quash on May 27, 2011 is attached to the the only remaining IP address in this case, and (2) issue an order on the Motion to Quash on the merits. For more information on this issue, the Court should reference Plaintiff's Motion for Administrative Relief for an Order Clarifying the Court's August 12, 2011 Order. (Aug. 14, 2011, ECF No. 25.)

It is Plaintiff's view that there is no logical reason that this case should go to trial. However, Plaintiff is more than willing to bring it there if necessary. It is Plaintiff's belief that, once the Court resolves the two issues enumerated above, this case will settle. Facilitating the just, speedy and inexpensive disposition of this matter will, therefore, rely on the Court's just and speedy actions.

Respectfully Submitted,

                              STEELE HANSMEIER PLLC,

**DATED: August 16, 2011**

                    By:     /s/ Brett L. Gibbs, Esq.

                         Brett L. Gibbs, Esq. (SBN 251000)
                         Steele Hansmeier PLLC.
                         38 Miller Avenue, #263
                         Mill Valley, CA 94941
                         blgibbs@wefightpiracy.com
                         *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 16, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                                                 /s/ Brett L. Gibbs
                                                                   Brett L. Gibbs, Esq.