UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MILLENNIUM TGS, INC. | ) | Case No.: C 11-01739 PSG |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF AND CLARIFYING THE COURT'S AUGUST 12 ORDER** |
| v. | ) ) | |
| DOES 1-21, | ) ) | |
| Defendants. | ) ) | **(Re: Docket Nos. 24, 25)** |

Before the court is Plaintiff Millennium TGA, Inc.'s ("Millennium") motion for administrative relief for an order clarifying the court's previous order of August 12, 2011. In that order, the court denied as moot anonymous "Defendant John Doe 1's" motion to quash subpoena and motion to dismiss,[1] based on a notice of voluntary dismissal with prejudice that Millennium filed subsequent to the motion to quash.[2] In light of the ambiguity caused by the use of the anonymous pseudonym "Doe 1" in the motion to quash, the notice of voluntary dismissal, and the August 12 Order, the court GRANTS Millennium's motion for administrative relief and hereby sets forth the following clarification and order.

---

[1] *See* Order Denying as Moot Motion to Quash, Denying as Moot Motion to Dismiss, and Severing and Dismissing Defendants Does 4-21(Docket No. 24) (hereafter "August 12 Order").

[2] *See* Millennium's Notice of Voluntary Dismissal with Prejudice as to Certain Anonymous Doe Defendants (Docket No. 23) (hereafter "Millennium's Notice of Voluntary Dismissal").

1

Case No.: 11-01739 PSG
ORDER

## I.   CLARIFICATION OF AUGUST 12 ORDER

On April 8, 2011, Millennium sued 21 anonymous Doe Defendants for copyright infringement and civil conspiracy. Millennium identified the Doe Defendants only by their IP addresses. Exhibit A of the Complaint contains a list of 21 IP addresses, corresponding with 21 anonymous Doe Defendants. In conformity with an earlier court order granting leave to conduct expedited discovery,[3] Millennium issued Rule 45 subpoenas to the appropriate Internet Service Providers ("ISPs") who in turn served copies to the relevant subscribers of the 21 IP addresses.

On May 27, 2011, one of the Doe Defendants, in receipt of the subpoena to his ISP, filed a motion with the court to quash the subpoena and dismiss the claims against him.[4] The movant labeled his motion using the pseudonym "Defendant John Doe 1." On July 12, 2011, the court heard oral argument on "Defendant John Doe 1's" motion to quash. On August 10, 2011, Millennium filed a notice of voluntary dismissal, stating that "the Doe Defendants associated with this Dismissal are Does 1-2." Millennium attached a list of the two IP addresses associated with the dismissal of Does 1-2.[5]

As is made clear by the list of IP addresses attached to the Complaint, these two IP addresses correspond with ISP Comcast Corporation ("Comcast"). The movant in the motion to quash states that he received notice and a copy of the subpoena from ISP Charter Communications, Inc. The movant (self-labeled "Defendant John Doe 1") in the motion to quash therefore is not the same individual as "Doe 1" in Millennium's notice of voluntary dismissal. For this reason, the court's conclusion that the motion to quash and motion to dismiss was moot was in error.

---

[3] *See* Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference (Docket No. 8).

[4] *See* Motion to Quash Subpoena Compelling Disclosure, Dismiss for Improper Venue, and Dismiss for Lack of Personal Jurisdiction (Docket No. 11) (hereafter "Motion to Quash").

[5] *See* Millennium's Notice of Voluntary Dismissal, Ex. A (listing "98.210.192.142" and "98.234.219.189" as IP addresses corresponding to the Doe Defendants being dismissed).

As a result, the court will order that the movant (self-labeled "Defendant John Doe 1") who brought the motion to quash be reinstated as a Doe Defendant in this case. Consistent with Millennium's voluntary dismissal with prejudice of "Does 1-2" (IP addresses "98.210.192.142" and "98.234.219.189" ), all parties moving forward should refer to the movant on the instant motion to quash as "Defendant Doe 3" (Doe 3). Having determined it proper to reinstate Doe 3, the court will address the merits of Doe 3's motions.

## II.   DISCUSSION OF PENDING MOTIONS

### A.   MOTION TO QUASH

The subpoena Doe 3 seeks to quash issued from the Central District of Illinois. Federal courts do not have authority to quash or modify a subpoena issued from another district.[6] For purposes of judicial economy, and in light of Doe 3's consent to this forum—at least for determining his pending motions—the Court treat Doe 3's motion as one for a protective order.[7]

Doe 1 argues that joinder of the twenty-one Defendants in this action is improper. The court agrees. As noted in the August 12 Order, Doe 1's motion raises the same issues as those recently addressed by the court in response to a motion for leave to take expedited discovery in *Boy Racer v. John Does 2-52*.[8] That analysis remains unchanged. Consequently, the court will reaffirm its August 12 Order with respect to the Defendants remaining after Millennium's voluntary dismissal of Does 1-2. In light of Millennium's consent to the undersigned jurisdiction, the court

---

[6] *See* Fed. R. Civ. P. 45(c)(3)(A).

[7] *See IO Group, Inc. v. Does 1-19*, C 10-03851 SI, 2010 WL 5071605 (N.D. Cal. Dec. 7, 2010).

[8] *See Boy Racer v. Does 2-52*, No. 5:11-cv-02834-PSG, Order Granting-in-Part Plaintiff Boy Racer's *Ex Parte* Application for Leave to Take Limited Discovery Prior to Rule 26(F) Conference (Docket No. 12).

3

Case No.: 11-01739 PSG
ORDER

will order their severance from this action and dismissal without prejudice of the claims against them.[9]

To summarize, Millennium's Notice of Voluntary Dismissal has already taken effect as to Does 1-2 (corresponding IP addresses "98.210.192.142" and "98.234.219.189" with ISP Comcast). Doe 3's motions are currently before the court. The court will order severance and dismissal without prejudice as to Does 4-21. The severance and dismissal of claims against the other Does, however, does not constitute good cause for a protective order to prevent discovery of the identity of Doe 3. Doe 3 argues alternatively that discovery must be prevented because Millennium's civil conspiracy claim cannot withstand a motion to dismiss. But Doe 3 has not moved to dismiss the claim. Regardless of the viability of the civil conspiracy claim, the court need not address the merits of that claim at this time because discovery would be warranted as to the copyright infringement claim. Doe 3 has not established good cause for a protective order preventing his identifying information from being released to Millennium.

### B. MOTION TO DISMISS

Doe 3 also moves to dismiss for lack of personal jurisdiction and improper venue. Doe 3 has submitted an affidavit (Section III of the motion to quash) explaining that he was notified of the subpoena by his ISP; that he is not a resident of the Northern District of California; and that he is not engaged in any business in the Northern District of California.

First, this court has the discretion to allow discovery to determine the basis for personal jurisdiction.[10] Second, without the identifying information sought by Millennium in the subpoena

---

[9] *See Neals v. Norwood*, 59 F. 3d 530, 532 (5th Cir. 1995) (noting that only plaintiff's consent was necessary to vest jurisdiction to enter judgment in magistrate judge where defendants had not yet been served and therefore were not parties to the action at the time judgment was entered); *Ornelas v. De Frantz*, Case No. 00-1067, 2000 WL 973684, at *2 (N.D. Cal. June 29, 2000) (citing *Neals*); cf. *Williams v. Ahlin*, Case No. 1:11-cv-00049-SKO-HC, 2011 WL 1549306, at *7 (E.D. Cal. Apr. 2, 2011) (same).

[10] *See Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004).

to Doe 3's ISP, it would be difficult to assess properly the existence of personal jurisdiction over Doe 3. This analysis requires an evaluation of the contacts between the various defendants and the forum state. [A holding at this stage that personal jurisdiction is lacking would be premature.] For these same reasons, "Doe [3]'s assertion of improper venue and/or inconvenient forum may have merit but, at this juncture of the proceedings, is premature."[11] Thus, Doe 3's motion to dismiss on the basis of venue and personal jurisdiction will be denied.

### IV.   DISPOSITION

Millennium's motion for administrative relief is GRANTED:

(1) Movant (previously "Defendant John Doe 1") who brought the Motion to Quash and Motion to Dismiss (Docket No. 11) is REINSTATED as Defendant Doe 3 in this case;

(2) Doe 3's Motion to Quash and Motion to Dismiss are DENIED;

(3) Millennium may pursue expedited discovery only as to Doe 3's ISP listed in Exhibit A to the Complaint, as set forth in this court's April 12, 2011 order; and

(4) Does 4 through 21 are severed from this action. The claims against Does 4 through 21 are dismissed without prejudice and, if refiled within 20 days, deemed a continuation of the original action for purposes of the statute of limitations.

Dated:    August 22, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[11] *MCGIP, LLC v. Does 1-18*, C-11-1495 EMC, 2011 WL 2181620 (N.D. Cal. Jun. 2, 2011) (citing *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 347-8 (D.D.C. 2011)).